UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID HAYNES                         \*    CIVIL ACTION NO.: 3:22-cv-183
                                          \*
                                          \*    SECTION:
VERSUS                             \*
                                          \*    JUDGE:
TAKE 5 PROPERTIES SPV LLC;        \*
TAKE 5 LLC;                          \*    MAGISTRATE:
DRIVEN BRANDS SHARED SERVICES   \*
LLC; TAKE 5 OIL CHANGE LLC;        \*
DRIVEN SYSTEMS LLC; DRIVEN        \*
BRANDS, INC.; AND DRIVEN BRANDS   \*
HOLDINGS INC.                    \*
                                          \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>MEMORANDUM IN OPPOSITION TO MOTION TO REMAND</u>

MAY IT PLEASE THE COURT:

This matter involves a premises liability and negligence claim asserted by the plaintiff arising from an accident he alleges occurred on 3/8/21 while having his vehicle serviced at the Take 5 Oil Change located at 4504 Highway 19 in East Baton Rouge Parish (Doc 1-2 Petition, ¶ 2). Driven Brands Holdings, Inc., defendant, is a holding company under which all other defendants were affiliated companies and were additional insureds under a policy of insurance issued by Twin City Fire Insurance Company  Undersigned counsel removed this case from state court on behalf of Take 5 Properties SPV, LLC, Take 5, LLC, and Driven Brands Shared Services, LLC after confirming that service of citation of the plaintiff's petition had been made on these defendants as evidenced by the service returns filed in the state court record (Doc.1-6). In the Notice of Removal, undersigned counsel affirmed that all named defendants had agreed to the removal and that he would represent all defendants properly served in the matter (Doc. 1, ¶

1

27).  Undersigned counsel also certified that pursuant to Rule 11 of the Federal Rules of Civil Procedure, he had read the Notice of Removal and that it was well-grounded in fact and warranted by existing law, and was not interposed for any improper purpose (Doc. 1, ¶ 31). Driven Brands Holdings, Inc., defendant and one of the removing parties, is a holding company under which all other defendants were subsidiary companies. Driven Brands Holdings, Inc. was insured under a policy of commercial general liability insurance (# 20 ECS S73702) issued by Twin City Fire Insurance Company which insured its derivative companies as additional insureds. (See Exhibit A – Declaration). Undersigned counsel was retained to defend all defendants pursuant to the defense obligations under the policy and was authorized to remove the case to federal court and file responsive pleadings on behalf of all served defendants. Accordingly, undersigned counsel monitored the record of the underlying state court record to check for evidence of service on the co-defendants but saw no evidence of service other than on the removing defendants as evidence by the state court record filed as an exhibit to the Notice of Removal (Doc. 1-6) and Exhibit A attached hereto (Declaration).

On April 5, 2022, plaintiff's counsel filed Affidavits of Service in the record pertaining to service having been made on Driven Brands Holdings, Inc., Driven Brands, Inc., Take 5 Oil Change, LLC and Driven Systems, LLC pursuant to the Louisiana Long Arm Statute (Docs 3, 3-1, 4, 4-1, 5, 5-1, 6, 6-1, 7, 7-1).[1]  Plaintiff also filed a Motion to Remand the matter the same day seeking a remand of the matter back to state court on the alleged basis that the removal was "not joined in by all served defendants and lacks written consent on the part of all served defendants…" (Doc 7).  Undersigned counsel accordingly filed an Answer on behalf of all defendants on April 6, 2022, in light of the Affidavits of Service filed in the record (Doc 9). Again, no defendant objected to the removal of the action. Take 5 Properties SPV, LLC admitted

in response to the plaintiff's petition/complaint that it was the correct defendant that operated the Take 5 Oil Change facility at issue; all other defendants denying any ownership interest (Doc 9, Answer ¶ 3).

Plaintiff filed the instant motion seeking remand of this case under the rule of unanimity based on the contention that the removal was not joined in by all served defendants and lacks written consent on the part of all served defendants. Removal of cases pursuant to 28 U.S.C. § 1441(a) requires the consent of all properly joined and served defendants. *Doe v. Kerwood*, 969 F.2d 165 (5th Cir. 1992). This is termed the "rule of unanimity." *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254 (5th Cir. 1988). 28 U.S.C. § 1446(b)(2)(B) provides that each defendant shall have thirty (30) days following receipt by service of the initial pleading or summons to file notice of removal. If multiple defendants are served at different times, each defendant has thirty (30) days, calculated from their individual date of service, to join the removal. 28 U.S.C. § 1446(b)(2)(B).

For purposes of removal, service of process is governed by the law of the forum state. *City of Clarksdale v. Bellsouth Telecoms, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005); *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972). Louisiana's Long Arm Statute, found at La. R.S. 13:3201, et seq., provides that service upon a nonresident defendant may be accomplished by sending a copy of the summons and complaint via registered or certified mail. La. R.S. 13:3204(A). Service under this statute is perfected upon transmittal of the suit via registered or certified mail, or by personal delivery. *Ramsay v. Rusnak*, 2013 WL 4039405 (M.D. La. Aug. 7, 2013) (noting that while Louisiana's Long Arm Statute requires the filing of an affidavit of service for the taking of default judgment, service is perfected prior to the filing of such affidavit); *Wood v. Hackler*, 276 So.3d 1136, 1141 (La. App. 2 Cir. Aug. 14, 2019)

---

[1] La. R.S. § 13:3201, et seq.

quoting *McFarland v. Dippel*, 756 So.2d 618, 622 (La. App. 1 Cir. 1/19/96) writ denied, 770 So.2d 349 (La. 9/29/00). Further proceedings, particularly those specified as "default judgment, hearings upon contradictory motions, rule to show cause or other summary proceeding, except for actions pursuant to R.S. 46:2131, et seq. [pertaining to domestic violence]" may not be had against any defendant served via Louisiana's Long Arm Statute until "thirty days after the filing in the record of the affidavit of the individual" who personally mailed or secured the courier services to effectuate service under § 3204(A) or personally delivered the process to the defendant in question. A violation of the rule of unanimity renders a removal procedurally defective, requiring remand. *Getty Oil Corp.*, 841 F.2d at 1262.

The Fifth Circuit recognizes several exceptions to the rule, however. A removing defendant is not required to obtain consent to removal from: (1) improperly joined defendants or those alleged to be fraudulently joined; (2) nominal or formal parties; (3) non-forum defendants who have not been served at the time of removal. Additionally, the Fifth Circuit has acknowledged that "extraordinary circumstances" can justify allowing a defendant to proceed with removal despite failing to meet all consent requirements. Generally, such "exceptional circumstances" relate to plaintiff conduct and are justified in order to prevent an injustice. *Ortiz v. Young*, 431 Fed. Appx. 306, 307 (5th Cir. 2011).[2] Here, notices of service were filed in state court record as to the removing defendants. Counsel expressly stated with authority in the removal that all **named** defendants consented to the removal and that he would be representing **all served defendants**. The statement clearly reads that counsel represented all defendants and would file responsive pleadings on their behalf upon confirmation of service, and was authorized to consent to the removal on behalf of all defendants. Furthermore, the plaintiff asserts in support

---

[2] The above analysis is addressed in Moten v. Mesa Underwriters Specialty Ins. Co., 2021 U.S. Dist. LEXIS 245233, 2021 WL 6066917 (W.D. La., Nov. 12, 2021) which involved similar facts to the case at hand.

of his motion to remand that **all** defendants were served at the time the Notice of Removal was filed. Therefore, the statement met the requirement of a written indication by a person purporting to formally act on behalf of each defendant, with authority to do so, that each defendant had consented to the removal. *Getty Oil*, supa. Other cases including similar facts where the courts denied any defect as to consent include: Day v. Danny, No. 15-832, 2016 U.S. Dist. LEXIS 33832, 2016 WL 1033536, at *4 (citing Bethel, 2015 U.S. Dist. LEXIS 129337, 2015 WL 5636433, at *3) (M.D. La.), report and recommendation adopted, 2016 U.S. Dist. LEXIS 33713, 2016 WL 1064547 (M.D. La. Mar. 15, 2016); Williams v. Travelers Ins. Co., No. 16-593, 2016 U.S. Dist. LEXIS 169900, 2016 WL 7165748, at *2 (M.D. La. Nov. 4, 2016) (citing Bethel, 2015 U.S. Dist. LEXIS 129337, 2015 WL 5636433, at *3).

Plaintiff's counsel had signed and returned a letter granting an extension of time to file responsive pleadings to allow counsel the opportunity to investigate the claim, determine representation and file responsive pleadings. (Signed March 3, 2022, letter attached as Exhibit B). Plaintiff asserts that service was made on the non-removing defendants on February 23, 2022. Thus the removal could be timely removed within 30 days, or by March 25, 2022.  The removal was filed on March 18, 2022, putting plaintiff on notice that defense counsel did not know service had been made on the non-removing defendants but that he would file responsive pleadings on their behalf once service was confirmed. Plaintiff's counsel did not notify undersigned counsel that service had been made on the non-removing defendants in the time period between March 18, 2022, and the April 25, 2022 deadline, during which time counsel could have filed the Answer confirming that all defendants consented to the removal. Various courts have held that where a plaintiff neglects to file proof of service into the state court record, leading to an erroneous assumption by the removing defendant that one or more co-defendants

has yet to be served at the time of removal, such conduct by the plaintiff warrants the equitable application of the exception under the Fifth Circuit's reasoning in *Getty Oil* and *Ortiz*, supra. These cases are cited and recognized by the court in *Moten*, supra, wherein the court addressing similar facts found that a removing defendant is entitled to rely upon the state court record for purposes of determining whether one or more co-defendants has been served prior to removal. The court noted: "…Were this not the applied rule, the result could incentivize exactly the sort of plaintiff conduct this Court believes requires application of the exception discussed here. *Ortiz*, 431 Fed. Appx. at 307. Rather, the best interpretation of the rule incentivizes the filing of proof of service and, therewith, clarity of the state court record for the benefit of any removal and any ensuing challenge thereto." *Moten*, at p. 8. The rationale behind the rule of unanimity is that a plaintiff should be required to proceed against multiple defendants in a single action. Permitting the removal in this case does not undermine the rationale of the rule of unanimity. *Moten, at pp. 8-9, Marquette Business Inc. v. America's Kitchen, Inc.*, 2010 WL 1711767 (N.D. Tex. 2010) citing *Rock Island & Pac. Ry. v. Martin*, 178 U.S. 245, 248 (1900).

Alternatively, as stated above, the only named defendant who had an ownership interest in the Take 5 Oil Change at issue was Take 5 Properties SPV, LLC, one of the removing defendants. All other defendants have no nexus to the cause of action asserted by plaintiff and have therefore been improperly joined. The removal was timely filed on behalf of Take 5 Properties SPV, LLC.

## CONCLUSION

The basis upon which plaintiff asserts that this case should be remanded is a failure to show unanimity by all defendants to the removal. A showing was made in the Notice of Removal that all defendants were in agreement to the removal and that counsel for the removing

defendants (for which service returns had been filed in the state court record) was also counsel for the non-removing defendants and would file responsive pleadings on their behalf upon confirming service on each. Counsel for the plaintiff did not provide notice to undersigned counsel that service had in fact been made against the non-removing defendants until he filed the affidavits of service followed by the plaintiff's motion to remand in the record of this court after the filing of the Notice of Removal. Counsel for the defendants relied on the state court record monitoring it for notice of service with respect to all defendants. Defendants assert that the language in the Notice of Removal was sufficient to establish unanimity and the subsequent filing of the Answer in this matter on behalf of all defendants confirmed the representation made in the Notice of Removal. The only defendant having a nexus to the Take 5 Oil Change at issue is Take 5 Properties SPV, LLC. Accordingly, the plaintiff's Motion to Remand should be DENIED.

Respectfully submitted,

**LAW OFFICES OF JULIE E. VAICIUS**
Employees of a Subsidiary of The Hartford
Financial Services Group, Inc.

/s/ Daniel R. Atkinson, Jr.
DANIEL R. ATKINSON, JR. (#18103)
Julie E. Vaicius, Bar # 27456
Erin O. Braud, Bar # 30008
3900 N. Causeway Blvd., Suite 1040
Metairie, Louisiana 70002
Telephone:  504-837-6687
Facsimile:   877-369-4892
daniel.atkinson@thehartford.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 8th day of April 2022, a copy of the foregoing Notice of

Removal of Civil Action was transmitted via electronic mail and mailed to all counsel.

/s/ Daniel R. Atkinson, Jr._____
DANIEL R. ATKINSON, JR.