# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DAVID HAYNES**                                                    **CIVIL ACTION NO.**

**VERSUS**                                                         **22-183-SDD-EWD**

**TAKE 5 PROPERTIES SPV, LLC, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 3, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID HAYNES                                                    CIVIL ACTION NO.

VERSUS                                                          22-183-SDD-EWD

TAKE 5 PROPERTIES SPV, LLC, ET AL.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand (the "Motion"), filed by Plaintiff David Haynes ("Plaintiff").[1] The Motion argues that the Notice of Removal in this case is procedurally defective because it did not comply with the rule of unanimity, considering that removal was "not joined by all served defendants and lacks written consent on the part of all served defendants." Defendants Take 5 Properties SPV LLC; Take 5, LLC; Take 5 Oil Change LLC; Driven Brands Holdings Inc.; Driven Brands Shared Services, LLC; Driven Systems LLC; and Driven Brands, Inc. (collectively, "Defendants") oppose the Motion.[2] It is recommended[3] that the Motion be denied and that this matter be referred for a scheduling conference.[4]

I.    FACTS AND PROCEDURAL BACKGROUND

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Plaintiff on March 8, 2021 at the Take 5 Oil Change located at 4504 Highway 19 in East Baton Rouge Parish when he, at the instruction of one of Defendants' employees, "stepped around the front of his vehicle…[and] suddenly and without warning stepped into a small hidden

---

[1] R. Doc. 7.

[2] R. Doc. 10.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] Entry of a scheduling order was deferred pending resolution of the Motion to Remand. R. Doc. 8. Additionally, prior to any scheduling conference, the parties shall confer regarding whether it is necessary for all Defendants to remain in this matter going forward, considering the statement in Defendants' Answer that "Take 5 Properties SPV, LLC admits that it operated the Take 5 Oil Change service facility located at 4504 Highway 19, Zachary, LA" (R. Doc. 9, ¶ 3), which is the location where Plaintiff alleges his fall occurred. R. Doc. 1-2, ¶ 2.

portion of the oil change pit that unbeknownst to him was not covered by his vehicle" and "fell approximately four feet and struck portions of his body on equipment located inside of the oil change pit" (the "Incident").[5] Plaintiff alleges that his damages were "caused by the fault of one or more of the [Defendants] and their employees and/or agents, thereby obliging the [Defendants] to repair the damages pursuant to La. C.C. art. 2315."[6] Plaintiff additionally and/or alternatively alleges that "one or more of the [Defendants] are liable unto Plaintiff pursuant to La. C.C. art. 2316 for their negligence, imprudence, or want of skill."[7] On February 22, 2022, Plaintiff filed his Petition for Damages ("Petition") against Defendants, alleging that Defendants are liable *in solido* to Plaintiff for damages arising out of the Incident.[8]

On March 18, 2022, the case was removed to this Court by Take 5 Properties SPV LLC; Take 5, LLC; and Driven Brands Shared Services, LLC (collectively, "Removing Defendants"), alleging diversity jurisdiction under 28 U.S.C. § 1332.[9] The Notice of Removal sufficiently alleged that Plaintiff is a citizen of Louisiana.[10] Similarly, the Notice of Removal sufficiently alleged the citizenships of Defendants, namely: (1) that, once their respective memberships are unraveled, (a) Take 5 Properties SPV, LLC, (b) Take 5, LLC, (c) Take 5 Oil Change, LLC, (d) Driven Brands Shared Services, LLC, and (e) Driven Systems, LLC are citizens of Delaware and North Carolina;[11] (2) that Driven Brands, Inc. is a citizen of Delaware and North Carolina, where it is incorporated and maintains it principal place of business;[12] and (3) that Driven Brands Holdings,

---

[5] R. Doc. 1-2, ¶¶ 2-14.
[6] *Id*., at ¶ 22.
[7] *Id*., at ¶ 23.
[8] *Id*., at ¶ 24 and prayer for relief.
[9] R. Doc. 1, ¶¶ 9, 10.
[10] R. Doc. 1, ¶ 11, referencing Petition for Damages, which states that Plaintiff is a "citizen of the State of Louisiana."
[11] *Id*., at ¶¶ 12-16. The Notice of Removal alleges that membership of Defendants Take 5 Properties SPV, LLC; Take 5, LLC; Take 5 Oil Change, LLC; Driven Brands Shares Services, LLC; and Driven Services, LLC ultimately unravels to Defendant Driven Brands, Inc., which is a Delaware corporation with its principal place of business in North Carolina. Thus, these entities are citizens of Delaware and North Carolina for diversity purposes. *See Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008); *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007).
[12] R. Doc. 1, ¶¶ 12-16.

Inc. is a citizen of Delaware and North Carolina, where it is incorporated and maintains its principal place of business.[13] For amount in controversy, the Notice of Removal acknowledges that the prayer for damages in the Petition explicitly seeks "all damages as reasonable in the premises, which damages exceed the requisite amount for the right to a jury trial and for jurisdiction of federal courts."[14] The Notice of Removal adequately alleges subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

On April 5, 2022, Plaintiff timely filed the instant Motion seeking remand because of a procedural defect—namely, that the Notice of Removal does not satisfy the rule of unanimity because Defendants Take 5 Oil Change LLC; Driven Systems LLC; Driven Brands, Inc.; and Driven Brands Holdings, Inc. (collectively, "Non-Removing Defendants") did not join, or consent, in writing, to removal, despite being served under the Louisiana Long Arm Statute at the time of removal.[15] Defendants filed an opposition memorandum, arguing: (1) that the statement in the Notice of Removal by Defendants' counsel, Daniel Atkinson ("Atkinson"), that "all named defendants consented to removal" and that he "will represent all served defendants in this matter" satisfies the rule of unanimity and the Fifth Circuit's written consent requirement; (2) that extraordinary circumstances justify an exception to the rule of unanimity under the particular facts of this case; and (3) that all Defendants—other than Take 5 Properties SPV, LLC, who is one of

---

[13] Although Driven Brands Holdings, Inc. is named as a defendant in the Petition, there is no allegation as to its citizenship in the Notice of Removal. *See, generally*, R. Doc. 1. However, the Court takes judicial notice of Driven Brands Holdings, Inc.'s Annual Report (10-K), filed with the Securities and Exchange Commission ("SEC") on March 18, 2022, and its Current Report (8-K), filed with the SEC on February 16, 2022, both of which indicate that Driven Brands Holdings, Inc. is incorporated in Delaware and maintains its principal executive offices in North Carolina. *See* https://www.sec.gov/ix?doc=/Archives/edgar/data/0001804745/000162828022006676/drvn-20211225.htm and https://www.sec.gov/ix?doc=/Archives/edgar/data/0001804745/000095014222000737/eh220226348_8k.htm (last accessed March 3, 2023). Accordingly, for diversity purposes, Driven Brands Holdings, Inc. is a citizen of Delaware and North Carolina. *See* 28 U.S.C. § 1332(c).
[14] R. Doc. 1, ¶¶ 18-19, referencing R. Doc. 1-2, ¶ 25.
[15] *See* R. Doc. 7-1.

the Removing Defendants and the "only named defendant who had an ownership interest in the Take 5 Oil Change at issue"—are improperly joined, such that their consent was not required.[16]

## II.    LAW AND ANALYSIS

### A.    Applicable Legal Standards

"When a civil action is removed solely under [28 U.S.C.] section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."[17] According to the Fifth Circuit, the "rule of unanimity" requires that each served defendant join in the notice of removal or that there be a "timely filed written indication from each served defendant…that it has actually consented to such action."[18] "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."[19]

The Fifth Circuit has explained that while only consent to removal is required, "a defendant must do so itself."[20] Accordingly, to demonstrate a defendant's consent to removal, the Fifth Circuit requires "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant."[21] As explained by this Court, "various district court decisions in the Fifth Circuit applying *Getty Oil* have consistently rejected representations from one party that the other parties consent in the removal and have therefore granted a motion to

---

[16] R. Doc. 10, pp. 4-6.
[17] 28 U.S.C. § 1446(b)(2)(A). *See also Baxter v. Anderson*, No. 16-142, 2016 WL 3748720, at *3 (M.D. La. June 21, 2016).
[18] *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).
[19] 28 U.S.C. § 1446(b)(2)(C).
[20] *Getty Oil*, 841 F.2d at 1262, n.11.
[21] *Id*.

remand."[22] Finally, properly served and joined defendants must join in the removal within the thirty-day period in which the removal itself must be filed.[23] Failure to join all defendants in the removal is a procedural defect that cannot be remedied after the thirty-day removal period.[24]

But there are exceptions to the rule of unanimity. "A removing defendant is not required to obtain consent to removal from: (1) improperly joined defendants or those alleged to be fraudulently joined; (2) nominal or formal parties; (3) non-forum defendants who have not been served at the time of removal."[25] "Additionally, the Fifth Circuit has acknowledged that "exceptional circumstances" might warrant departure from the rule of unanimity; however, the circumstances that generally warrant the granting of this exception typically "relate to plaintiff conduct and are justified in order to prevent an injustice."[26]

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[27] The removing party bears the burden

---

[22] *Allement v. Ameristep Corp.*, No. 13-498, 2013 WL 12183655, at * 5 (M.D. La. Dec. 30, 2013), citing, *inter alia, Crowley v. Amica Mut. Ins. Co.*, No. 12-775, 2012 WL 3901629, at * 3-4 (E.D. La. Sept. 7, 2012) (explaining that "courts within the Fifth Circuit have construed strictly the requirement for written consent by all of the defendants and overwhelmingly have held that statements on behalf of nonmoving defendants in a notice of removal are insufficient" and further finding that affidavits submitted in opposition to the motion to remand by the non-removing defendants "attesting to their consent" were untimely filed after the 30-day period for removal had ended such that the removal was procedurally improper); *Goldman v. Nationwide Mut. Ins. Co.*, No. 11-1414, 2011 WL 3268853, at *3 (E.D. La. July 28, 2011) (granting motion to remand because statement in notice of removal that "all other named defendants…consent" did not constitute sufficient written consent from all defendants); *Jacob v. Greyhound Lines, Inc.*, No. 02-2199, 2002 WL 31375612 (E.D. La. Oct. 21, 2002) (notice of removal indicating that co-defendant "does not object to this matter being removed to federal court" was insufficient).
[23] *Getty Oil*, 841 F.2d at 1262.
[24] *Grand Texas Homes, Inc. v. Am. Safety Indem. Co.*, 2012 WL 5355958, at *3 (N.D. Tex. Oct. 30, 2012), citing *Moody v. Commercial Ins. Co. of Newark, New Jersey*, 753 F.Supp. 198, 199 (N.D. Tex. 1990).
[25] *Moten v. Mesa Underwrites Specialty Ins. Co.*, No. 21-1920, 2021 WL 6066917, at *2 (W.D. La. Nov. 12, 2021). *See also World Prayer Tabernacle v. Certain Underwriters at Lloyd's, London*, 22-2289, 2022 WL 4949125, at *1 (E.D. La. Oct. 4, 2022) (citations omitted).
[26] *Moten*, 2021 WL 6066917, at *2, citing *Ortiz v. Young*, 431 F. App'x 306, 307-08 (5th Cir. 2011). *See also Day v. Danny*, No. 15-832, 2016 WL 1033536, *5 (M.D. La. Feb. 17, 2016) (citing *Ortiz*, 431 F. App'x at 307, and stating, "The Fifth Circuit, however, later indicated that such an exception generally would be granted only when defendant's lack of consent to removal stemmed from plaintiff's conduct.").
[27] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

of showing, if challenged, that the removal was procedurally proper.[28] A violation of the rule of unanimity renders a removal procedurally defective, requiring remand.[29]

**B.    The Notice of Removal Satisfies the Rule of Unanimity**

Here, the Notice of Removal states, "Undersigned counsel will represent all served defendants in this matter, and all defendants have agreed to the filing of the removal."[30] The parties dispute only whether this statement satisfies the rule of unanimity by operating as a timely filed written indication by the Non-Removing Defendants that they consent to removal. Plaintiff contends that the "record is devoid of any written consent to removal, by the properly served Non-Removing Defendants, Take 5 Oil Change, LLC; Driven Systems LLC; Driven Brands, Inc.; and Driven Brand Holdings, Inc."[31] While Plaintiff acknowledges the statement by Atkinson, as counsel for Defendants, Plaintiff contends thm at this statement does not satisfy the Fifth Circuit's written consent requirement as to the Non-Removing Defendants because Atkinson's statement was "made without any indication that [he] had formal authority from Non-Removing Defendants."[32] Defendants argue that Atkinson's statement satisfied all requirements of written consent, as he was "retained to defend all [D]efendants," "affirmed that all named [D]efendants had agreed to the removal and that he would represent all [D]efendants properly served in the matter," and had express authority to make these representations on behalf of all Defendants.[33]

---

[28] *Scott,* 2015 WL 2137458, at *3, citing *Manguno v. Prudential Property and Casualty Insurance Company,* 276 F.3d 720, 723 (5th Cir. 2002).

[29] *Getty Oil Corp.*, 841 F.2d at 1262.

[30] *See* R. Doc. 1, ¶ 27.

[31] R. Doc. 7-1, p. 2.

[32] R. Doc. 7-1, p. 8.

[33] R. Doc. 10, pp. 1-2, 4-5. *See also* R. Doc. 10-1 (Declaration of Atkinson), at pp. 1-3 (stating: (a) "I was retained to represent and defend Take 5 Properties SPV, LLC; Take 5, LLC; Driven Brand Shared Services, LLC; Take 5 Oil Change, LLC; Driven Systems, LLC; Driven Brands, Inc. and Driven Brands Holdings, Inc. pursuant to a policy of insurance (#20 ECS S73702) issue to Driven Brands Holdings, Inc.[, a holding company of numerous subsidiary corporation and limited liability companies…including co-defendants,] by Twin City Fire Insurance Company in regard to a Petition for Damages filed by David Haynes filed in the 19th Judicial District Court"); (b) "Pursuant to referral of the matter for defense, I was expressly authorized to defend and represent the legal interests of all named defendants and make all necessary representations on their behalf in accordance with my professional judgment. I accordingly determined that it was in the best interests of all defendants to remove the case to federal court"; and (c)

The Fifth Circuit's written consent requirements are (1) a "timely filed written indication" (2) by "each served defendant, or from some person or entity purporting to formally act on its behalf…and to have authority to do so," (3) that indicates that defendant has "actually consented" to removal. Although myriad cases hold that a party's assertion in a Notice of Removal that another party consents to removal is insufficient to satisfy the written consent rule,[34] those cases are distinguishable as they generally involve one party, represented by counsel, making a statement that some unaffiliated party, who is unrepresented or represented by different counsel, consents to removal. As noted in *Getty*, the problem with such statements is that the party making those representations had no authority to bind the non-removing party. But that is not the case here.

In the Notice of Removal, filed on behalf of the Removing Defendants, Atkinson stated, subject to Fed. R. Civ. P. 11, that he "will represent all served defendants in this matter, and all defendants have agreed to the filing of the removal."[35] For the reasons explained by this Court in *Baxter*, Atkinson's use of the phrase "will represent" linguistically suggests that he "only contemplated a potential future attorney-client relationship" with the Non-Removing Defendants at the time of removal.[36] Such a statement, standing alone, is insufficient to establish that Atkinson represented the Non-Removing Defendants at the time of removal and could, in that capacity, consent to removal on behalf of the Non-Removing Defendants—*i.e.*, the Defendants he mistakenly believed had not been served at the time of removal.

---

"Prior to filing the Notice of Removal I checked the state record again for any additional service returns and found none. I therefor filed the Notice of Removal on behalf of the served defendants in which I represented that I would be defending all served defendants and that all defendants consented to the removal.").

[34] *See, e.g.*, cases discussed in footnote 22, *supra*.

[35] R. Doc. 1, ¶¶ 27.

[36] *Baxter*, 2016 WL 3748720, at *5 (noting that statements in notice of removal that a non-removing defendant "joins in and consents to removal" and "will be represented by undersigned counsel once he is properly served," combined with counsel signing the notice of removal "only" on behalf of the removing defendants, were insufficient to constitute an effective consent to removal because counsel's statements "ma[d]e it clear that undersigned counsel only contemplated a future attorney-client relationship with the [non-removing defendants] at the time of removal," but ultimately finding that removal was not procedurally defective because within 30-days of removal, the non-removing defendant "filed a 'Notice of Consent to Defendants' Notice of Removal' in which counsel for the [r]emoving [d]efendants state, pursuant to Rule 11, that they represent the [non-removing defendants].").

In Opposition to the Motion, however, Defendants submitted a Declaration from Atkinson, their counsel.[37] Pursuant to 28 U.S.C. § 1746, and subject to the penalty of perjury, Atkinson explains what authority he had to make representations on behalf of all Defendants at the time of removal and how he obtained that authority.[38] Relevant to the question of his authority to bind the Non-Removing Defendants to his representation of consent to the Notice of Removal, Atkinson states: (1) that he was "retained to represent and defend [Defendants] pursuant to a policy of insurance (#20 ECS S73702) issued to Driven Brands Holdings, Inc.," which is a "holding company of numerous subsidiary corporations and limited liability companies…including the co-defendants in [this] suit who are additional insureds under the aforementioned policy,"[39] with respect to the "Petition for Damages filed by David Haynes [] in the 19th Judicial District Court, Suit C-716192"; (2) that he received "assignment of the matter for defense" after his "managing attorney…sent a letter to counsel for the [P]laintiff on March 3, 2022, notifying him of our representation";[40] (3) that after receiving the assignment, he "investigated" the matter, "determined that Take 5 Properties SPV, LLC was the entity that owned and operated the Take 5 Oil Change" where the Incident occurred; and (4) that "[p]ursuant to referral of the matter for defense, [Atkinson] was expressly authorized to defend and represent the legal interests of all named defendants and make all necessary representations on their behalf in accordance with [his] professional judgment," and he "accordingly determined that it was in the best interests of all

---

[37] *See* R. Doc. 10-1.
[38] *Id.*
[39] Notably, Plaintiff acknowledges that one Non-Removing Defendants, Driven Brands, Inc., is "directly related" to the Removing Defendants, as it is the "sole member" of each Removing Defendant. Putting aside the fact that under Delaware law, the "management of a limited liability company shall be vested in its members, unless otherwise provided in a limited liability company agreement" (*see* 6 Del.C. § 18-402 (cleaned up)), the fact that the Removing Defendants and Non-Removing Defendants (except Driven Brands Holdings, Inc.) are all managed by Driven Brands, Inc. and, according to Defendants, that Driven Brands Holdings, Inc. is a "holding company under which all other [D]efendants [are] affiliated" (R. Doc. 10, p. 1), lend further support to the conclusion that Atkinson's statements in the Notice of Removal were made on behalf of all Defendants and with the authority to bind those Defendants.
[40] The case was not removed until March 18, 2022.

defendants to remove the case to federal court."[41] Critically, Atkinson's attestations as an officer of the Court explain his authority to act on behalf of, and to bind, all Defendants, including the Non-Removing Defendants, at the time of removal.

For these reasons, the circumstances of this case more closely resemble those in *Bethel v. National Indem. Ins. Co.*[42] and *Williams v. Travelers Ins. Co.*,[43] where the removal papers and record showed that counsel for the removing party had authority to consent to removal on behalf of non-removing parties at the time of removal, than the circumstances in *Baxter*.[44] In *Bethel*, plaintiffs filed suit in state court against four defendants: National Indemnity Insurance Company; J.D. & Billy Hines Trucking, Inc.; Arnold E. Baylor; and Liberty Mutual Insurance Company.[45] National Indemnity and Hines Trucking removed the matter, although the Notice of Removal was "filed and signed by attorneys who identified themselves as 'Attorneys for Arnold E. Baylor, J.D. & Billy Hines Trucking, Inc. and National Indemnity Company."[46] Plaintiffs moved for remand, arguing, among other things, that the Notice of Removal was "procedurally defective because Mr. Baylor did not consent to removal."[47] In opposition, removing defendants argued that there is "no procedural defect in removal because Mr. Baylor gave his consent to removal," as evidenced by a statement in the Notice of Removal that "Defendant, Arnold E. Baylor, has been informed of the notice of removal submitted by defendants, J.D. & Billy Hines Trucking, Inc. and National Indemnity Insurance Company, and consents to its filing," which was made by "Attorneys for

---

[41] R. Doc. 10-1.
[42] No. 15-391, 2015 WL 5636433 (M.D. La. Sept. 4, 2015), report and recommendation adopted, 2015 WL 5634588 (M.D. La. Sept. 24, 2015) (Dick, J.).
[43] No. 16-593, 2016 WL 7165748 (M.D. La. Nov. 4, 2016), report and recommendation adopted, No. 16-593, at R. Doc. 16 (M.D. La. Dec. 7, 2016) (Dick, J.).
[44] *Baxter*, 2016 WL 3748720.
[45] *Id*. at *1.
[46] *Id*. As to Liberty Mutual, the Notice of Removal, supported by an e-mail for Liberty Mutual's counsel, stated that Liberty Mutual consented to removal. In any event, Liberty Mutual filed a Consent to Removal in the record on the same day that the Notice of Removal was filed. *Id*.
[47] *Id*., at *2. Specifically, plaintiffs argued that the Notice of Removal "wrongly suggest[ed] that Mr. Baylor was not served at the time of removal, and further does not provide that the Removing Defendants obtained his consent to removal," which is a "violation of the 'unanimity requirement'" warranting remand. *Id*.

Arnold E. Baylor."[48] In reply, plaintiffs argued that this statement was insufficient to satisfy the written consent requirement, as there is "no record that Mr. Baylor actually consented to removal." The Court summarized the "essence" of plaintiffs' argument as follows: "[p]laintiffs argue that counsel for the Removing Defendants was not actually counsel for Mr. Baylor, and, therefore, the representation that Mr. Baylor consented to removal is legally insufficient." This Court held that the Notice of Removal was not procedurally defective, explaining:

> The Notice of Removal filed by the Removing Defendants (*i.e.*, Hines Trucking and National Indemnity) provides the following statement: "Defendant, Arnold E. Baylor, has been informed of the notice of removal submitted by defendants, J.D. & Billy Hines Trucking, Inc. and National Indemnity Insurance Company, and consents to its filing." (R. Doc. 1 at 3). The Notice of Removal was signed, pursuant to Rule 11 of the Federal Rules of Civil Procedure, by counsel for "Arnold E. Baylor, J.D. & Billy Hines Trucking, Inc. and National Indemnity Company." (R. Doc. 1 at 7). This is a "written indication" in the Notice of Removal by counsel asserting that Mr. Baylor consents to the removal. *See Getty Oil,* 841 F.2d at 1262 n.11 ("[T]here must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action.").[[49]]

The *Bethel* plaintiff's motion to remand was denied.

Similarly, in *Williams v. Travelers Ins. Co.*,[50] plaintiff filed suit in state court against three defendants: Penske Truck Leasing Co., L.P.; Travelers Insurance Company; and David Collins. Penske, through counsel Anthony M. Butler, removed the action to this Court under 28 U.S.C. § 1332, asserting that the other defendants, Collins and Phoenix Insurance Company, both of whom had been served at the time of removal, "consent to the removal of the action."[51] Plaintiff moved

---

[48] *Id*.
[49] *Id*. at *3. Additionally, the Court noted as follows: "There is nothing before the court to cast doubt on the attorney's representation in the Notice of Removal that he is also the attorney for Mr. Baylor and is therefore acting on his behalf. Indeed, since the filing of the Notice of Removal, the same attorney has since filed an Answer on Mr. Baylor's behalf as well as prepared a Joint Status Report on his behalf." *Id*. at *3, n. 4.
[50] 2016 WL 7165748 (M.D. La. Nov. 4, 2016).
[51] *Id*., at *1. Penske claimed that Phoenix Insurance Company was "improperly referred to as Travelers Insurance Company" in plaintiff's Petition. *Id*.

for remand, arguing that neither Collins nor Phoenix timely consented to removal as required by 28 U.S.C. § 1446. This Court noted that the Notice of Removal, filed by Butler, as counsel for the removing defendant (Penske), stated that the two non-removing defendants (Collins and Phoenix) "[c]onsent[] to this removal."[52] Additionally, attached to the Notice of Removal was a "'List of All Counsel' indicat[ing] that [] Butler serves as counsel for all defendants," including the non-removing defendants, "Collins and Phoenix." Based on this, the Court held that the "removal papers as a whole provide[d] 'written indication' by counsel for [] Collins and Phoenix that those defendants consent to removal," and denied plaintiff's motion to remand.[53]

As with *Bethel*, *Williams*, and *Hitchens*, the removal papers and record, as a whole, show that Atkinson was purporting to act on behalf of the Non-Removing Defendant *and* had actual authority to do so when he represented, subject to Rule 11, that "all [D]efendants have agreed to the filing of the removal."[54] This statement, made subject to Rule 11, bolstered by the unchallenged statements made in Atkinson's Declaration under penalty of perjury, establiswh that Atkinson *had actual authority to act—i.e., consent—on behalf of the Non-Removing Defendants* and to bind them *at the time this matter was removed* to this Court.[55] For these reasons, the statement in the Notice

---

[52] *Id.*, at *3.

[53] The Eastern District of Louisiana reached a similar conclusion under similar circumstances. *See Hitchens v. Bunch*, No. 21-1410, 2021 WL 5822639, at *3 (E.D. La. Dec. 8, 2021). In *Hitchens*, after questioning why counsel for defendants, Bunch, Estes Express, and United States Fire, elected to remove the case "on behalf of only two of her three clients," (*id.*, at *3, n. 23) the court found that a statement in the notice of removal that "[a]ll defendants who have been properly joined and served consent to the removal of this case to federal court," made by counsel representing the removing defendants and one non-removing defendant, pursuant to Rule 11, constituted a timely filed written indication that the non-removing defendants timely consented to removal. Similar to *Williams*, the removal papers in *Hitchens* contained (1) a Certificate of Compliance stating who represented plaintiff, who represented defendant National Union, who the court determined was a "nominal defendant whose consent is not required," and that "all other parties are parties[, which included both removing and non-removing defendants,] are represented by undersigned counsel"; and (2) a List of Attorneys and Parties stating that counsel for the removing defendants (Bunch and Estes Express) also represented the non-removing defendant (United States Fire). *See Hitchens*, No. 21-1410 (E.D. La.).

[54] R. Doc. 1, ¶ 27. Further, there is nothing before the Court to cast doubt on Atkinson's representation that he was acting as counsel for the Non-Removing Defendants and had the authority to act on behalf of them. Indeed, Atkinson has filed an Answer on behalf of all Defendants (R. Doc. 9), less than three weeks after the Notice of Removal was filed and has opposed Plaintiff's Motion on behalf of all Defendants.

[55] Importantly, the Non-Removing Defendant's consent—*i.e.*, the statement that "all [D]efendants have agreed to the filing of this removal"—was timely filed as it was contained in the Notice of Removal. *See* R. Doc. 1, ¶ 27. Because

of Removal that "all [D]efendants have agreed to the filing of the removal" satisfy the Fifth Circuit's written consent requirements. Accordingly, the Notice of Removal satisfies the rule of unanimity, and the removal is not procedurally defective for failure to obtain the consent of the Non-Removing Defendants.[56]

## III.    CONCLUSION AND RECOMMENDATION

The Court has subject matter jurisdiction over this action based on diversity jurisdiction under 28 U.S.C. § 1332, and removal was procedurally proper under 28 U.S.C. § 1446.

Accordingly,

**IT IS RECOMMENDED** that the Motion to Remand,[57] filed by Plaintiff David Haynes, be **DENIED**, and this matter referred for entry of a scheduling order.

Signed in Baton Rouge, Louisiana, on March 3, 2023.

ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE

---

Atkinson's Declaration only explains that he had authority to make the representations about the Non-Removing Defendants' consent at the time of removal, the Declaration is not a written consent filed outside of the thirty-day period in 28 U.S.C. § 1446(b), nor is it an untimely attempt to amend the Notice of Removal to cure a defect in removal procedures. *See, e.g.*, *Battley v. National Specialty Ins. Co.*, No. 13-447, 2014 WL 972066, at *3-4 (M.D. La. Mar. 12, 2014) (explaining that while a defendant is free to amend a notice of removal within that thirty-day period in § 1446(b), once the period has expired, the notice of removal cannot be amended to cure a defect in the removal procedures).

[56] Because the removal was procedurally proper as the Notice of Removal contained a timely filed written indication that the Non-Removing Defendants consented to removal, the other arguments advanced by Defendants are not addressed. Additionally, Defendants' argument that all Defendants other than Take 5 Properties SPV, LLC (the owner of the Take 5 facility where the Incident occurred) were improperly joined was raised for the first time in the last paragraph of their Opposition with little supporting argument and no evidence; thus, no determination as to the propriety of joinder can be made without more information. Nonetheless, as noted above, if this Report and Recommendation is adopted, the parties should confer to determine whether all defendants are proper parties to this action.  *See* fn. 4, *supra*.

[57] R. Doc. 7.